STATE OF MAINE KENNEBEC, ss.

SUPERIOR COURT
Docket No.: 07-CR-933

2008 NOV -4 P 8: 25

Bobby Miller,

Petitioner

**DECISION AND ORDER**

v.

State of Maine,

Respondent

 

This matter was heard on September 30, 2008, on Petitioner Bobby Miller's Amended Petition for Post Conviction Review. Attorney Verne Paradie represented Petitioner. Assistant District Attorney Paul Rucha represented the Respondent.

Through his petition, Mr. Miller seeks relief from his October 20, 2006, conviction for Aggravated Assault, and his October 5, 2006, conviction for Reckless Conduct with a Dangerous Weapon, Assault, Unlawful Possession of Scheduled Drugs, and Criminal Threatening. At the hearing, Petitioner argued that he was denied effective assistance of counsel because (1) his attorney failed to retain and consult with an expert to conduct a crime scene analysis, and (2) his attorney failed to file a notice of appeal after representing to Petitioner that Petitioner could file a notice of appeal after final judgment was entered.

The hearing revealed that the charges for which Petitioner was convicted arose out of an incident that occurred on Petitioner's property on August 4, 2005. According to the State, during an encounter with law enforcement, Petitioner discharged a firearm on more than one occasion, including on at least one occasion doing so in the direction of a law enforcement officer. Petitioner denies most of the State's basic allegations, including the State's assertion that he intentionally attempted to harm a law enforcement officer,

and maintains that an expert analysis of the crime scene would have revealed evidence that would have supported Petitioner's contention.

Petitioner also asserts that following his conviction after a jury trial on the charges of Reckless Conduct, Assault and Criminal Threatening, he wished to appeal his conviction to the Maine Law Court. According to Petitioner, based upon his discussions with his attorney, he understood that he could not appeal until after the Court imposed the sentence. Petitioner argues that he subsequently entered a plea to the charge of Aggravated Assault as part of the effort to conclude the matter at the trial court level in order to pursue the appeal. In other words, Petitioner contends that he believes that his appellate rights would survive the plea, and that he received ineffective assistance of counsel because his counsel did not preserve his appellate rights and/or file the necessary notice of appeal.

Discussion

Whether Petitioner received ineffective assistance of counsel requires a two-part inquiry by the Court. First, the Court must assess "whether there has been serious incompetency, inefficiency, or inattention of counsel amounting to performance ... below what might be expected from an ordinary fallible attorney ...." *Francis v. State*, 2007 ME 148, ¶ 4 (quoting, *McGowan v. State*, 2006 ME 16, ¶ 11, 894 A.2d 493, 496-97). The Court then is required to determine "whether the attorney's performance 'likely deprived the defendant of an otherwise available substantial ground or defense' or 'likely affected the outcome of the [proceeding]." *Id.*

## A. Retention of Crime Scene Expert

Petitioner contends that his counsel was ineffective because he failed to consult or retain a crime scene expert who could have assisted in Petitioner's effort to establish that he did not discharge a gun with the intention of harming one of the law enforcement officers who was on Petitioner's property at the time of the underlying incident. Simply

stated, Petitioner's claim of ineffective assistance on this issue is unsupported on the record.

Although Petitioner's counsel did not consult with a person known to be a crime scene expert, he did examine the crime scene personally on two occasions, including once with a private investigator. As the result of those efforts, among other things, Petitioner's counsel secured photographs of the scene, which he believed would allow the Petitioner to present evidence that would raise legitimate questions as to the merits of the State's argument that Petitioner intentionally discharged the firearm in the direction of a person whom he knew to be a law enforcement officer. In other words, Petitioner's counsel exercised his professional judgment that he could effectively refute the State's arguments without an expert. Based on the evidence presented at the hearing, the Court finds counsel's strategic judgment to be logical.

Furthermore, Petitioner has failed to demonstrate that consultation with or retention of a crime scene expert would have generated a meritorious defense and/or affected the outcome. Petitioner presented no evidence upon which the Court could conclude that the testimony of a crime scene expert would have resulted in Petitioner's acquittal or materially affected the outcome of the trial. In short, Petitioner's contention that a crime scene expert would have produced a different result is purely speculative.

### B. Petitioner's Appellate Rights

Preliminarily, the Court notes that in the event that the Court concludes that performance of Petitioner's counsel foreclosed Petitioner from the opportunity to prosecute an appeal, Petitioner would have demonstrated the necessary prejudice to prevail on his petition. That is, if Petitioner were to demonstrate that his counsel did not inform him or incorrectly advised him about his appellate rights, or failed to preserve Petitioner's right to appeal after he requested that counsel do so, Petitioner would establish the necessary prejudice to prevail on his post-conviction petition. The issue is

thus whether Petitioner's counsel is responsible for Petitioner's inability to appeal from the convictions and sentences entered on October 5, 2006 and October 20, 2006.

The hearing revealed that following the trial in May 2006, although Petitioner expressed dissatisfaction with the length of his communications with his counsel, Petitioner and his counsel discussed on several occasions Petitioner's post-trial options, including the possibility of an appeal. During the discussions, Petitioner expressed to his counsel his interest in pursuing an appeal. Petitioner's counsel correctly informed Petitioner that the matter was not in order for an appeal until after sentencing.

After the Court sentenced Petitioner on October 5, 2006, and before the expiration of the appeal period, Petitioner's counsel discussed with the State the possibility of a plea to the Aggravated Assault on which the jury was unable to reach a determination at the trial. Petitioner's counsel discussed the possible plea with Petitioner, including the implications for Petitioner's appellate rights. Petitioner entered a plea based upon the recommended disposition proposed by the State.

On October 20, 2006, the Court conducted a hearing on Petitioner's plea to the charge of Aggravated Assault. During the hearing, the Court specifically advised Petitioner that by entering a plea to the charge, he would be "giving up all rights of appeal ..." (Transcript at 7). When asked if he understood that he would be giving up his appellate rights, Petitioner responded, "yes". (Id.). In addition, the parties made clear at the hearing that with the plea, all of the State's claims against the Petitioner, including some uncharged offenses, would be resolved. (Transcript at 17 – 19).

Not insignificantly, the plea to the Aggravated Assault occurred before the expiration of the time within which Petitioner was required to appeal from the trial court on the matters for which he was sentenced on October 5, 2006. The fact that the parties concluded negotiations on a plea that encompassed all charges before the appeal period expired is consistent with the State's position, the position asserted by Petitioner's counsel, and the unequivocal discussion on the record – that the plea was intended to

resolve all matters involving Petitioner, including his potential appeal.[1] Presumably, had the parties been unsuccessful in their plea discussions, Petitioner would have filed an appeal, the State would have retried Petitioner on the Aggravated Assault charge, and the State would have prosecuted Petitioner on the other charges that were resolved with the plea. The parties, however, successfully negotiated a resolution of all of the matters involving Petitioner before Petitioner was required to file his appeal thereby obviating the need to file the appeal. The Court finds that Petitioner was a party to the negotiations and knowingly waived his appellate rights during the October 20, 2006, hearing.

In sum, the record establishes that Petitioner's counsel discussed with Petitioner his appellate rights, and that Petitioner knowingly waived those rights when he entered his plea to the Aggravated Assault charge on October 20, 2006. Upon entry of the plea, Petitioner's counsel was not obligated, therefore, to file an appeal on Petitioner's behalf. Accordingly, there has been no demonstration of "serious incompetency, inefficiency, or inattention of counsel amounting to performance ... below what might be expected from an ordinary fallible attorney ...." *Francis v. State*, 2007 ME 148, ¶ 4 (quoting, *McGowan v. State*, 2006 ME 16, ¶ 11, 894 A.2d 493, 496-97).

Conclusion

Based on the foregoing analysis, Petitioner's Petition for Post-conviction Review is denied.[2]

The Clerk shall incorporate this Decision and Order into the docket by reference.

---

[1] Although Petitioner now contends that he was unaware that he was waiving his appellate rights at the time of his plea, the transcript of the plea proceedings demonstrates otherwise. The testimony of Petitioner's counsel is consistent with the transcript.

[2] In his written submission, Petitioner also questioned the voluntariness of the October 20, 2006, plea. There was no evidence presented from which the Court could conclude that the plea was involuntary. The record of the proceeding at which Petitioner entered the plea demonstrates that Petitioner was given more than adequate opportunity to express any reservation that he might have about the plea. Moreover, as mentioned above, the record establishes that the parties engaged in an unequivocal discussion regarding the scope of the plea.

Dated: 11/5/08

_____
Justice, Maine Superior Court

BOBBY MILLER
  vs
STATE OF MAINE

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2007-00933

**DOCKET RECORD**

PL. ATTY: VERNE PARADIE
       TRAFTON & MATZEN
       PO BOX 470
       AUBURN ME 04212-0470
       APPOINTED 03/07/2008

State's Attorney: EVERT FOWLE

Filing Document: PETITION
Filing Date: 10/09/2007

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

10/15/2007 FILING DOCUMENT -  PETITION FILED ON 10/09/2007

10/15/2007 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 10/15/2007

11/16/2007 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 11/16/2007

11/27/2007 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 11/20/2007
       NANCY  MILLS , JUSTICE
11/27/2007 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 11/27/2007

11/29/2007 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 11/27/2007

       COPY TO PARTIES/COUNSEL
11/29/2007 Party(s):  BOBBY MILLER
       ATTORNEY -  APPOINTED ORDERED ON 11/27/2007

       Attorney:  ROBERT RUFFNER
03/04/2008 MOTION -  MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 03/04/2008

03/04/2008 MOTION -  MOTION FOR ENLARGEMENT OF TIME FILED BY DEFENDANT ON 03/04/2008

03/07/2008 MOTION -  MOTION FOR ENLARGEMENT OF TIME GRANTED ON 03/06/2008
       JOHN  NIVISON , JUSTICE
       COPY TO PARTIES/COUNSEL
03/07/2008 MOTION -  MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 03/06/2008
       JOHN  NIVISON , JUSTICE
       COPY TO PARTIES/COUNSEL
03/07/2008 Party(s):  BOBBY MILLER
       ATTORNEY -  WITHDRAWN ORDERED ON 03/06/2008

       Attorney:  ROBERT RUFFNER
03/07/2008 Party(s):  BOBBY MILLER
       ATTORNEY -  APPOINTED ORDERED ON 03/07/2008

       Attorney:  VERNE PARADIE
03/20/2008 ORDER -  TRANSCRIPT ORDER FILED ON 03/13/2008

Printed on: 11/05/2008

03/24/2008 MOTION -  MOTION FOR ENLARGEMENT OF TIME FILED BY PETITIONER ON 03/24/2008

03/27/2008 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 05/08/2008 @ 1:30
          NANCY  MILLS , JUSTICE
04/11/2008 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 04/11/2008

04/18/2008 POST CONVIC. REVIEW -  PCR CONFERENCE NOTICE SENT ON 04/18/2008

04/25/2008 OTHER FILING -  TRANSCRIPT FILED ON 04/25/2008

          MOTION TO CONTINUE TRANSCRIPT, MOTION FOR AQUITTAL
04/25/2008 POST CONVIC. REVIEW -  PCR CONFERENCE NOT HELD ON 04/25/2008

04/28/2008 ORDER -  TRANSCRIPT ORDER FILED ON 04/28/2008

          REQUESTED BY STATE FOR RULE 11 AND SENTENCING                    COPY GIVEN IN
          HAND TO JANETTE COOK
04/28/2008 MOTION -  MOTION FOR EXTENSION OF TIME FILED BY STATE ON 04/28/2008

05/01/2008 OTHER FILING -  TRANSCRIPT FILED ON 05/01/2008

05/02/2008 MOTION -  MOTION FOR EXTENSION OF TIME GRANTED ON 04/30/2008
          JOHN  NIVISON , JUSTICE
          COPY TO PARTIES/COUNSEL
05/15/2008 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 05/15/2008

05/15/2008 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 06/03/2008 @ 8:15 in Room No.  3

05/15/2008 POST CONVIC. REVIEW -  PCR CONFERENCE NOTICE SENT ON 05/15/2008

06/03/2008 POST CONVIC. REVIEW -  PCR CONFERENCE HELD ON 06/03/2008
          JOHN  NIVISON , JUSTICE
06/12/2008 CASE STATUS -  CASE FILE LOCATION ON 06/06/2008
          JOHN  NIVISON , JUSTICE
06/12/2008 POST CONVIC. REVIEW -  ORDER RESULTING FROM PCR CONF FILED ON 06/11/2008
          JOHN  NIVISON , JUSTICE
06/19/2008 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 09/30/2008 @ 8:30

          NOTICE TO PARTIES/COUNSEL
06/19/2008 WRIT -  HABEAS CORPUS TO TESTIFY ISSUED ON 06/19/2008

          CERTIFIED COPY TO SHERIFF DEPT.
06/19/2008 OTHER FILING -  TRANSCRIPT FILED ON 06/19/2008

          JURY TRIAL PROCEEDINGS FILED BY PEGGY STOCKFORD
06/24/2008 OTHER FILING -  OTHER DOCUMENT FILED ON 06/23/2008

          IDENTIFICATION OF ISSUES FOR HEARING FILED BY ATTY. PARADIE.
08/20/2008 OTHER FILING -  TRANSCRIPT FILED ON 08/20/2008

          TRANSCRIPT OF PROCEEDINGS ON DECEMBER 5, 2005, FILED BY CASE ENOCH
08/20/2008 OTHER FILING -  TRANSCRIPT FILED ON 08/20/2008

TRANSCRIPT FILED OF MOTION HEARING PROCEEDINGS ON AUGUST 10, 2006
09/24/2008 OTHER FILING - WITNESS & EXHIBIT LIST FILED BY STATE ON 09/24/2008

WITNESS LIST
10/03/2008 OTHER FILING - TRANSCRIPT FILED ON 05/01/2008

TRANSRIPT OF RULE 11 HEARING
10/03/2008 HEARING - EVIDENTIARY HEARING HELD ON 09/30/2008
JOHN NIVISON , JUSTICE
Attorney: VERNE PARADIE
DA: PAUL RUCHA        Reporter: JANETTE COOK
Defendant Present in Court
11/05/2008 FINDING - DENIED ENTERED BY COURT ON 11/04/2008
JOHN NIVISON , JUSTICE

A TRUE COPY
ATTEST: _____
                    Clerk