STATE OF MAINE                                             SUPERIOR COURT
KENNEBEC, ss.                                             Docket No.: 08-CR-662



Mathiew Loisel,

Petitioner
                                                         **DECISION AND ORDER**

v.

State of Maine,

Respondent


This matter was heard on May 28, 2009, on Petitioner Mathiew Loisel's Amended Petition for Post Conviction Review. Attorney Verne Paradie represented Petitioner. Assistant Attorney General Donald Macomber represented the Respondent.


Through his amended petition, Mr. Loisel seeks relief from his February 19, 2008, conviction for Murder, which conviction was entered following Petitioner's guilty plea. At the hearing, Petitioner argued that he was denied effective assistance of counsel because his attorneys failed to advise him of possible state of mind defenses before he entered his plea.[1] Petitioner contends that he would not have entered the plea if he had been informed of the defenses that were potentially available to him.


Factual Background

The hearing revealed that Petitioner's mental state at the time of the April 24, 2007, incident was an issue that Petitioner's counsel investigated immediately upon appointment. Within 48 hours of Petitioner's arrest, Petitioner's counsel arranged for Dr. Charles Robinson, an experienced, forensic psychologist, to meet with and assess Petitioner. Dr. Robinson subsequently met with Petitioner on several other occasions, and conferred with Petitioner's counsel about his observations.

---

[1] David Crook, Esq. and Charles Ferris, Esq., were appointed on April 25, 2007; Jacob McDermott, Esq., was appointed on December 26, 2007. At the time, the attorneys worked together at the same Waterville law firm.

In addition, Petitioner underwent an evaluation through the State forensic service. In particular, Ann LeBlanc, Ph.D., James Maier, M.D., and Debra Baeder, Ph.D., evaluated Petitioner and issued written reports in which they summarized their observations and conclusions. Petitioner's counsel received the reports, and conferred with Dr. Baeder and Dr. LeBlanc as well as Petitioner's treating psychiatrist, Dr. James Fine. As part of the exploration of the state of mind defenses, Petitioner's counsel also obtained Petitioner's extensive medical records. Finally, Petitioner's counsel assessed, through a number of internal discussions among the attorneys who worked on the matter, the likelihood that prosecution of a state of mind defense would be successful.[2]

The evidence thus clearly established that Petitioner's counsel investigated and considered possible state of mind defenses to the charge. Indeed, at the hearing, Petitioner did not directly challenge counsel's assertion that they considered various state of mind defenses. Rather, Petitioner maintains that his counsel failed to discuss the potential defenses with him prior to his plea. Conversely, Petitioner's counsel contend that they discussed the potential defenses with Petitioner on several occasions.

## Discussion

Whether Petitioner received ineffective assistance of counsel requires a two-part inquiry by the Court. First, the Court must assess "whether there has been serious incompetency, inefficiency, or inattention of counsel amounting to performance ... below what might be expected from an ordinary fallible attorney ...." *Francis v. State*, 2007 ME 148, ¶ 4 (quoting, *McGowan v. State*, 2006 ME 16, ¶ 11, 894 A.2d 493, 496-97). The Court then is required to determine "whether the attorney's performance 'likely deprived the defendant of an otherwise available substantial ground or defense' or 'likely affected the outcome of the [proceeding]." *Id.*

In this case, given Petitioner's mental health history and the nature of the incident, "an ordinary fallible attorney" would be expected to explore and discuss with Petitioner

---

[2] As part of counsel's internal assessment, Attorney McDermott prepared a 20-page memorandum addressing one of the potential state of mind defenses (Petitioner's Exhibit 6).

any state of mind defenses potentially available to Petitioner. The issue is, therefore, whether Petitioner's counsel discussed with Petitioner the potential defenses before the plea. In other words, the issue is whether Petitioner's counsel communicated to Petitioner information that was material to Petitioner's decision to plead guilty to the murder charge.

Despite Petitioner's argument to the contrary, the Court is convinced that Petitioner's counsel did in fact confer with Petitioner about the various state of mind defenses potentially available to Petitioner. As explained above, Petitioner's state of mind at the time of the incident was a central focus of Petitioner's counsel. For instance, they promptly retained Dr. Robinson to assess Petitioner and assist in the defense; they obtained an evaluation through the State forensic service; they consulted with four professionals (i.e., Drs. Robinson, Maier, Baeder and Fine) who had direct knowledge of Petitioner's mental health status; and they arranged for Dr. Robinson to meet with Petitioner on the day of the plea in an attempt to confirm that Petitioner was emotionally capable of proceeding, and that he understood the consequences of the plea.

Given the time and energy that Petitioner's counsel devoted to the state of mind defenses, and given counsel's in person communications with Petitioner in advance of the plea in an effort to insure that Petitioner understood the plea terms and would be entering a plea of guilty voluntarily, common sense and logic suggest that counsel discussed with Petitioner the very issues that they considered paramount to the defense. In fact, a September 28, 2007, file memorandum prepared by Scott Gurney, a member of Petitioner's defense team, summarizes a communication that he had with Petitioner in which he discussed the defenses with Petitioner.[3]

In sum, the Court finds that before Petitioner entered his guilty plea, Petitioner's counsel discussed with Petitioner the state of mind defenses that were potentially

---

[3] At the time, Scott Gurney was a legal intern working for the law firm that was representing Petitioner. Mr. Gurney, who subsequently was admitted to the Maine bar, wrote in the memorandum, "[a]t this time I further discussed the defenses that we are prepared to put forth, including Mental Disease or Defect or Abnormal Condition of the Mind. We discussed these in length and Mathiew seemed to understand the defenses as best he could." (Petitioner's Exhibit 14).

available to Petitioner, and that Petitioner entered the plea with knowledge of the potential defenses. Because the Court concludes that counsel discussed the state of mind defenses with Petitioner, the Court also concludes that Petitioner was not deprived of the effective assistance of counsel.

Conclusion

Based on the foregoing analysis, the Court denies Petitioner's Amended Petition for Post-conviction Review.

The Clerk shall incorporate this Decision and Order into the docket by reference.

Dated: 6/10/09

_____
Justice, Maine Superior Court

MATHIEW D LOISEL
    vs
STATE OF MAINE

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2008-00662

## DOCKET RECORD

PL. DOB: 06/13/1985
PL. ATTY: VERNE PARADIE                    State's Attorney: EVERT FOWLE
         TRAFTON & MATZEN
         PO BOX 470
         AUBURN ME 04212-0470
         APPOINTED 09/08/2008

Filing Document: PETITION                  Major Case Type: POST CONVICTION REVIEW
Filing Date: 07/30/2008

## Charge(s)

## Docket Events:

08/26/2008 FILING DOCUMENT -  PETITION FILED ON 07/30/2008

08/26/2008 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 08/26/2008

09/05/2008 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 09/05/2008

09/05/2008 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 07/30/2008

09/09/2008 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 09/09/2008
         JOHN  NIVISON , JUSTICE
09/16/2008 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 09/08/2008
         JOSEPH M JABAR , JUSTICE
         COPY TO PARTIES/COUNSEL
09/16/2008 Party(s):  MATHIEW D LOISEL
         ATTORNEY -  APPOINTED ORDERED ON 09/08/2008

         Attorney:  VERNE PARADIE
12/01/2008 MOTION -  MOTION FOR ENLARGEMENT OF TIME FILED BY PETITIONER ON 12/01/2008

12/29/2008 HEARING -  CONFERENCE SCHEDULED FOR 12/31/2008 @ 8:15
         JOHN  NIVISON , JUSTICE
         NOTICE TO PARTIES/COUNSEL
12/31/2008 HEARING -  CONFERENCE HELD ON 12/31/2008
         JOHN  NIVISON , JUSTICE
         Attorney:  VERNE PARADIE
         DA:  DONALD MACOMBER
12/31/2008 MOTION -  MOTION FOR ENLARGEMENT OF TIME GRANTED ON 12/31/2008
         JOHN  NIVISON , JUSTICE
         COPY TO PARTIES/COUNSEL
12/31/2008 HEARING -  CONFERENCE SCHEDULED FOR 03/19/2009 @ 8:30
         JOHN  NIVISON , JUSTICE
         NOTICE TO PARTIES/COUNSEL
12/31/2008 WRIT -  HABEAS CORPUS TO PROSECUTE ISSUED ON 12/31/2008
         JOSEPH M JABAR , JUSTICE
         CERTIFIED COPY TO SHERIFF DEPT. (ON 1/5/09)
01/07/2009 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 01/06/2009

01/07/2009 MOTION - MOTION FOR FUNDS FILED BY DEFENDANT ON 01/06/2009

FOR PSYCHOLOGIST

01/12/2009 MOTION - MOTION TO DISMISS FILED BY STATE ON 01/09/2009

DA: DONALD MACOMBER
STATE'S MOTION TO DISMISS/ANSWER TO THE AMENDED PETITION.

02/04/2009 MOTION - MOTION FOR FUNDS GRANTED ON 02/03/2009
JOHN NIVISON , JUSTICE
COPY TO PARTIES/COUNSEL

02/04/2009 ORDER - TRANSCRIPT ORDER FILED ON 01/02/2009

COPY SENT TO KATHELINE CASEY

02/04/2009 HEARING - CONFERENCE NOTICE SENT ON 02/03/2009

02/04/2009 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 05/28/2009 @ 8:30
JOHN NIVISON , JUSTICE
NOTICE TO PARTIES/COUNSEL

02/04/2009 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 02/03/2009

03/04/2009 MOTION - MOTION FOR FUNDS FILED BY DEFENDANT ON 03/03/2009

Attorney: VERNE PARADIE

03/04/2009 MOTION - MOTION FOR FUNDS GRANTED ON 03/04/2009
JOHN NIVISON , JUSTICE
COPY TO PARTIES/COUNSEL

03/19/2009 ORDER - COURT ORDER FILED ON 03/19/2009
JOHN NIVISON , JUSTICE
ON OR BEFORE 4/30/09, PETITIONER SHALL IDENTIFY ANY EXPERT WITNESS WHOM PETITIONER INTENDS
TO CALL AS A WITNESS AT TRIAL. AS PART OF THE IDENTIFICATION, PETITIONER SHALL PROVIDE
RESPONDENT WITH ALL REPORTS AUTHORED BY THE EXPERT IN CONNECTION WITH THIS MATTER. THE
PARTIES SHALL IDENTIFY WITNESSES AND EXHIBITS SUFFICIENTLY IN ADVANCE OF THE FINAL HEARING
TO ALOW THE OTHER PARTY A REASONABLE PERIOD OF TIME WITHIN WHICH TO PREPARE FOR THE
HEARING.COPY OF ORDER SENT TO PARTIES

04/06/2009 LETTER - FROM PARTY FILED ON 04/06/2009

Attorney: VERNE PARADIE
ADVISE THE COURT THAT DR. CHARLES ROBINSON, A PREVIOUSLY INVOLVED PSYCHOLOGIST IN THIS
MATTER HAS INDICATED TO ME THAT HE WOULD PREFER TO HAVE A COURT OVER ALLOWING HIM TO SPEAK
TO THE ATTORNEYS IN THIS CASE PRIOR TO THE HEARING. THIS IS SOMETHING WE SPOKE ABOUT AT
OUR RECENT CONFERENCED WITH JUSTICE NIVISON, SO HE SHOULD BE AWARE OF THIS ISSUE. PLEASE
PRESENT THIS LETTER TO JUSTICE NIVISON AND REQUEST THAT HE CONSIDER SUCH AN ORDE FOR DR.
ROBINSON

04/07/2009 ORDER - COURT ORDER FILED ON 04/06/2009
JOHN NIVISON , JUSTICE
THE COURT ORDERS THAT DR. ROBINSON IS AUTHORIZED TO SPEAK WITH COUNSEL FOR THE PARTIES
ABOUT HIS COMMUNICATIONS WITH AND OBSERVATIONS OF PETITIONER

04/22/2009 OTHER FILING - TRANSCRIPT FILED ON 04/22/2009

TRANSCRIPT OF RULE 11 AND SENTENCING

05/18/2009 WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 05/18/2009

CERTIFIED COPY TO SHERIFF DEPT.

05/28/2009 HEARING - EVIDENTIARY HEARING HELD ON 05/28/2009 @ 8:30
JOHN NIVISON , JUSTICE
Attorney: VERNE PARADIE
DA: DONALD MACOMBER          Reporter: TAMMY DROUIN
Defendant Present in Court

05/28/2009 POST CONVIC. REVIEW - PCR DETERMINATION UNDER ADVISEMENT ON 05/28/2009
JOHN NIVISON , JUSTICE

06/12/2009 POST CONVIC. REVIEW - PCR DETERMINATION UNDER ADVISEMENT ON 05/28/2009
JOHN NIVISON , JUSTICE

06/12/2009 FINDING - DENIED ENTERED BY COURT ON 06/10/2009
JOHN NIVISON , JUSTICE
BASED ON THE FOREGOING ANALYSIS, THE COURT DENIES PETITIONER'S AMENDED PETITION FOR POST-
CONVICTION REVIEW

06/12/2009 ORDER - COURT ORDER ENTERED ON 06/10/2009
JOHN NIVISON , JUSTICE


A TRUE COPY
ATTEST:  _____
                    Clerk