2007 ME 148

**Ralph A. FRANCIS**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued: Nov. 5, 2007.
Decided: Dec. 18, 2007.

William F. Pagnano (orally), Rockland, for appellant.

G. Steven Rowe, Atty. Gen., Donald Macomber, James M. Cameron, Asst. Attys. Gen. (orally), Augusta, for the State.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and GORMAN, JJ.

GORMAN, J.

[¶ 1] Ralph A. Francis appeals from a judgment entered in the Superior Court (Washington County, *Hunter, J.*) denying his petition for post-conviction review in which Francis claimed that he was denied effective assistance of counsel at sentencing because (1) his attorney allowed sentencing to occur immediately after the verdict was returned, resulting in his attorney's failure to prepare properly for sentencing, and (2) his attorney failed to present mitigating factors to the sentencing court. We affirm the judgment.

[¶ 2] Francis was found guilty by a jury on February 19, 2003, of aggravated trafficking in scheduled drugs (Class A), 17–A M.R.S.A. § 1105 (Supp.1998).[1] Sentencing occurred immediately after the jury rendered its verdict, at which time Francis was sentenced to ten years, none suspended and no probation. Francis was represented at trial and at sentencing by a court-appointed attorney.

[¶ 3] Francis subsequently filed a petition for post-conviction relief pursuant to 15 M.R.S. § 2129 (2006) and M.R.Crim. P. 68, arguing, among other things, that he was denied effective assistance of counsel at sentencing. Pursuant to M.R.Crim. P. 69–A, the justice who presided at the post-conviction hearing also presided at Francis's sentencing. The post-conviction court found that Francis was not denied effective assistance of counsel at sentencing. Francis filed this timely appeal and a certificate of probable cause was granted.

[¶ 4] Because "sentencing is a critical stage of a criminal proceeding, and a defendant is constitutionally entitled to counsel, he is also entitled to effective assistance of counsel during the sentencing process." *Conner v. State*, 543 A.2d 819, 821 (Me.1988). To determine whether a petitioner received constitutionally ineffective assistance of counsel, this Court conducts a two-prong inquiry. *See Alexandre v. State*, 2007 ME 106, ¶ 43, 927 A.2d 1155, 1167. First, we examine "whether there has been serious incompetency, inefficiency, or inattention of counsel amounting to performance ... below what might be expected from an ordinary fallible attorney...." *McGowan v. State*, 2006 ME 16, ¶ 11, 894 A.2d 493, 496–97 (quotation marks omitted). Second, we determine whether the attorney's performance "likely deprived the defendant of an otherwise available substantial ground of defense" or "likely affected the outcome of the [proceeding]." *Id.* ¶¶ 11–13, 894 A.2d at 497 (noting that "the federal and state guarantees are virtually identical"); *see also Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). In applying the test, we may "begin with the second prong regarding prejudice because if it is determined that there was no prejudice, there is no need to address the first prong regarding whether counsel's performance was deficient." *McGowan*, 2006 ME 16, ¶ 13, 894 A.2d at 497.

[¶ 5] We apply a deferential standard of review to the findings of a post-conviction court. *Pineo v. State*, 2006 ME 119, ¶ 11, 908 A.2d 632, 637. We have stated:

---

1. The charge arose from Francis's sale of oxycontin in 1999.

Whether the performance of an attorney falls below the standard is a question of fact. We will not overturn a post-conviction court's determination as to the effectiveness of trial counsel unless it is clearly erroneous and there is no competent evidence in the record to support it. Likewise, the finding of whether the petitioner was prejudiced by [his] attorney's error is a factual finding reviewed for clear error.

*McGowan*, 2006 ME 16, ¶ 15, 894 A.2d at 498 (quotation marks omitted).[2]

[¶ 6] Having heard oral argument on this matter and having carefully reviewed the record with respect to each of Francis's individual contentions, *see Twist v. State*, 617 A.2d 548, 550 (Me.1992), we conclude that the post-conviction court's express finding that Francis was not prejudiced by his attorney's performance at sentencing is not clearly erroneous.[3] It is therefore unnecessary to reach the first prong of the ineffective assistance of counsel analysis regarding whether counsel's performance was deficient. *See McGowan*, 2006 ME 16, ¶ 13, 894 A.2d at 497.

[¶ 7] We take this opportunity, however, to address one of Francis's contentions. He argues that, as a result of his counsel's failure to defer sentencing, his counsel was not prepared to present character witnesses on his behalf. He has failed to show, however, how the lack of

character witness testimony prejudiced him at sentencing. Francis suggested at his post-conviction hearing that his sister could have been called as a character witness at sentencing, but when asked what his sister might have said had she testified at his sentencing, he speculated only that she would have said, "[Francis] worked all [his] life and stuff like that, ... and that [Francis] was a hard worker, ... and ... [Francis] wasn't really bad ... and stuff like that," but that he didn't "really know."[4]

[¶ 8] To meet his burden, Francis must affirmatively prove prejudice. *See Strickland*, 466 U.S. at 693, 104 S.Ct. 2052; *see also McGowan*, 2006 ME 16, ¶ 12, 894 A.2d at 497 (stating that petitioner has the burden of proving prejudice). This requires a positive showing rather than mere conjecture. Given his weak proffer as to what character witnesses might have testified to on his behalf and his failure to show how the testimony of character witnesses might have changed the outcome of sentencing, Francis has not met his burden of showing that he was prejudiced when his counsel failed to offer character witness testimony on his behalf.

The entry is:

Judgment affirmed.

---

**2.** Although we have previously been asked to adopt a bifurcated standard of review in ineffective assistance of counsel claims, we have not done so and continue to review a post-conviction court's findings and conclusions for clear error. *See, e.g., Heon v. State*, 2007 ME 131, ¶ 8, 931 A.2d 1068, 1070; *Alexandre v. State*, 2007 ME 106, ¶ 43, 927 A.2d 1155, 1167; *Pineo v. State*, 2006 ME 119, ¶ 11, 908 A.2d 632, 637.

**3.** The post-conviction court found that Francis "has not demonstrated what additional, result altering evidence or presentation that

he would have made had sentencing been deferred.... It is unlikely that the introduction of other mitigating factors would have reduced the length of the sentence, given the nature of the crime and ... significant aggravating factors."

**4.** Francis indicated that other friends or relatives might have been called and that they "probably" could have helped him, but predicted that they would only have provided similar information to the sentencing court.