STATE OF MAINE                                         SUPERIOR COURT
PENOBSCOT, ss.                                         Docket No.: 08-CR-957
                                                       JC N -PEN- 12/22/2009

Terry Chesnel,            **FILED**

        Petitioner        DEC 2 2 2009               **DECISION AND ORDER**

    v.              PENOBSCOT JUDICIAL CENTER
                  PENOBSCOT COUNTY SUPERIOR COURT
State of Maine,          BANGOR DISTRICT COURT

        Respondent


    This matter was heard on December 22, 2009, on Petitioner Terry Chesnel's
Petition for Post Conviction Review. Attorney Jeff Toothaker represented Petitioner.
Assistant District Attorney Susan Pope represented the Respondent.

    Through his petition, Mr. Chesnel seeks relief from his July 8, 2008, conviction
for Aggravated Operating After Habitual Offender Revocation, for which conviction he
received five-year sentence to the Department of Corrections. At the hearing, Petitioner
argued that he was denied effective assistance of counsel because his attorney failed to
negotiate a lesser sentence.

    At the hearing, the parties agreed that the indictment, which alleged that Petitioner
had been convicted of Operating After Habitual Offender Revocation on three occasions
within a 10-year period, accurately reflected Petitioner's prior record. In addition, the
evidence revealed that at the time of his arrest on the charge of Aggravated Operating
After Habitual Offender Revocation on February 29, 2008, Petitioner's blood alcohol
level was .23. Finally, at the hearing, the parties stipulated that at all pertinent times, the
mandatory minimum sentence for the offense as charged included a period of
incarceration of 5 years.

Discussion[1]

Whether Petitioner received ineffective assistance of counsel requires a two-part inquiry by the Court. First, the Court must assess "whether there has been serious incompetency, inefficiency, or inattention of counsel amounting to performance ... below what might be expected from an ordinary fallible attorney ...." *Francis v. State*, 2007 ME 148, ¶ 4 (quoting, *McGowan v. State*, 2006 ME 16, ¶ 11, 894 A.2d 493, 496-97). The Court then is required to determine "whether the attorney's performance 'likely deprived the defendant of an otherwise available substantial ground or defense' or 'likely affected the outcome of the [proceeding]." *Id.*

In this case, the offense with which Petitioner was charged required the imposition of a five-year period of incarceration in the event of a conviction. At the time he entered the plea, Petitioner was aware of the mandatory minimum sentence. In fact, Petitioner does not contend that he received a sentence other than the sentence that he understood would be imposed upon entry of his plea. Instead, Petitioner maintains that his counsel should have been able to negotiate with the State for a lesser sentence.

Simply stated, the record contains no evidence from which the Court could conclude that "an ordinary fallible attorney" could have persuaded the State to amend the indictment, and agree to a plea to a charge that did not require a sentence of five years. Indeed, the only evidence of record confirms the State had a factual basis for the charge, and was unwilling to negotiate a plea to a charge other than Aggravated Operating After Habitual Offender Revocation. In short, Petitioner has not demonstrated a "serious incompetency, inefficiency, or inattention of counsel amounting to performance ... below

---

[1] At the conclusion of the hearing, the Court made findings of fact and conclusions of law on the record. The Court incorporates herein the findings made on the record.

what might be expected from an ordinary fallible attorney ...." *Francis v. State*, 2007 ME 148, ¶ 4 (quoting, *McGowan v. State*, 2006 ME 16, ¶ 11, 894 A.2d 493, 496-97). Accordingly, Petitioner is not entitled to post-conviction relief.

Conclusion

Based on the foregoing analysis, the Court denies Petitioner's Petition for Post-conviction Review.

The Clerk shall incorporate this Decision and Order into the docket by reference.

Dated: 12/22/09

Justice, Maine Superior Court

CR-08-957

Jeff Toothaker Esq.
PO Box 1084
Ellsworth ME 04605

State
_____
Susan Pope Asst-DA
Office of District Attorney
97 Hammond St
Bangor ME 04401