STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss.                           Docket No.: 10-CR-570
                                        VCN - KEN - 12/6/2011


Frederick Grace,

        Petitioner

                                        **DECISION AND ORDER**

        v.

State of Maine,

        Respondent


This matter was heard on December 1, 2011, on Petitioner's Petition for Post-conviction review.  Attorney David Paris represented the Petitioner.  Assistant District Attorney Paul Rucha represented the State.

In this action, Petitioner seeks relief from the sentence imposed upon his plea to two counts of Unlawful Sexual Contact (Class B).  On March 2, 2010, Petitioner entered guilty pleas to both charges.  On April 26, 2010, the Court sentenced Petitioner to 7 years with all but 2 years suspended and 6 years of probation on Count I, and 2 years concurrent on Count II.

Petitioner maintains that post-conviction relief is warranted because he received ineffective assistance of counsel.  In particular, Petitioner argues that his attorney did not file an appeal from the sentence despite Petitioner's request that he do so.

Discussion

Whether Petitioner received ineffective assistance of counsel requires a two-part inquiry by the Court.  First, the Court must assess "whether there has been serious incompetency, inefficiency, or inattention of counsel amounting to performance ... below

what might be expected from an ordinary fallible attorney ...." *Francis v. State*, 2007 ME 148, ¶ 4 (quoting, *McGowan v. State*, 2006 ME 16, ¶ 11, 894 A.2d 493, 496-97). The Court then is required to determine "whether the attorney's performance 'likely deprived the defendant of an otherwise available substantial ground or defense' or 'likely affected the outcome of the [proceeding]." *Id.*

In this case, Petitioner contends that his counsel's performance was below that which is expected of an "ordinary fallible attorney" because his counsel did not file an appeal. More specifically, Petitioner argues that although he informed his counsel of his desire to appeal within the pertinent appeal period, his counsel did not file the appeal.

Petitioner would satisfy his burden if he could establish that he asked his attorney to file an appeal, and that his attorney failed to make the filing. That is, the failure to file an appeal upon request would fall below conduct that is expected of an "ordinary fallible attorney." The issue is thus whether Petitioner has proven that he asked his attorney to file the appeal.

The record establishes that in the days following the imposition of the sentence, Petitioner and his attorney discussed the cost and prospects of an appeal. Petitioner maintains that after their discussions about the cost of the appeal, he contacted his attorney's office to authorize the filing of an appeal. According to Petitioner, when he could not reach his attorney directly, he informed his attorney's assistant that he wanted to appeal.

Petitioner's testimony is, however, contradicted by the testimony of his attorney, and is inconsistent with a letter that he forwarded to his attorney within a month of his incarceration. Petitioner's attorney recounts that Petitioner, during multiple

conversations after sentencing, concluded that he did not want to file an appeal. When discussing a possible appeal, Petitioner's attorney advised Petitioner that because an appeal likely would be unsuccessful, Petitioner should use his resources to preserve his home and other belongings, which were understandably of great concern to Petitioner. Petitioner's attorney testified that most of his post-sentence communications with Petitioner were not focused on a possible appeal, but involved Petitioner's request for a further stay of execution of the sentence, which request was granted, and Petitioner's concerns about the disclosure of his personal information.

Not insignificantly, the only written communication between Petitioner and his attorney following Petitioner's incarceration was Petitioner's letter dated June 17, 2010, in which letter Petitioner expressed his disappointment with his attorney in connection with the disclosure of Petitioner's personal information. In the letter, Petitioner expressed his unhappiness with his attorney's lack of response to an inquiry about the disclosure of personal information, but did not question his attorney's failure to file an appeal. Had Petitioner wanted to appeal, and had his attorney failed to file an appeal, Petitioner presumably would have either raised the issue in his June 17 letter, or written subsequently to express his concerns about the lack of an appeal. The letter is consistent with the testimony of Petitioner's attorney that the multiple communications after the sentencing focused not on an appeal, but on the disclosure of Plaintiff's personal information.

Because Petitioner's contemporaneous writing is consistent with the testimony of his attorney, and because Petitioner has failed to produce any evidence to coroborate that

he instructed his attorney to file an appeal, Petitioner has failed to establish that his attorney's conduct fell below that of an "ordinary fallible attorney."

Conclusion

Based on the foregoing analysis, the Court denies Petitioner's request for post-conviction relief.

The Clerk shall incorporate this Decision and Order into the docket by reference.

Dated: 12/6/11

Justice, Maine Superior Court

FREDERICK GRACE
   vs
STATE OF MAINE

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2010-00570

## DOCKET RECORD

PL. ATTY: DAVID PARIS
         72 FRONT STREET
         BATH ME 04530-2657
         APPOINTED 10/27/2010

State's Attorney: EVERT FOWLE

Filing Document: PETITION
Filing Date: 08/06/2010

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

08/06/2010 FILING DOCUMENT -  PETITION FILED ON 08/06/2010

08/12/2010 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 08/12/2010

09/17/2010 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 09/16/2010

09/22/2010 LETTER -  FROM PARTY FILED ON 09/17/2010

          LETTER FROM MR. GRACE AND COPY FORWARDED TO JUSTICE ANDERSON IN PENOBSCOT
10/25/2010 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 10/20/2010
          WILLIAM R ANDERSON , JUSTICE
10/27/2010 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 10/25/2010
          ROBERT E MURRAY JR, JUSTICE
          COPY TO PARTIES/COUNSEL
10/27/2010 Party(s):  FREDERICK GRACE
          ATTORNEY -  APPOINTED ORDERED ON 10/27/2010

          Attorney:  DAVID PARIS
11/05/2010 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 10/26/2010

11/10/2010 ORDER -  TRANSCRIPT ORDER FILED ON 11/09/2010

          Attorney:  DAVID PARIS
          REQUEST FOR TRANSCRIPT OF PLEA AND SENTENCING
11/12/2010 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 11/09/2010

          MOTION FOR TRANSCRIPT AT STATE'S EXPENSE.
11/12/2010 MOTION -  OTHER MOTION GRANTED ON 11/12/2010
          JOHN  NIVISON , JUSTICE
          MOTION FOR TRANSCRIPT AT STATE'S EXPENSE.
11/15/2010 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 11/15/2010

11/19/2010 MOTION -  MOTION FOR EXTENSION OF TIME FILED BY STATE ON 11/17/2010

11/19/2010 MOTION -  MOTION FOR EXTENSION OF TIME GRANTED ON 11/19/2010
          JOHN  NIVISON , JUSTICE
          COPY TO PARTIES/COUNSEL

11/19/2010 ORDER - TRANSCRIPT ORDER FILED ON 11/17/2010

      DA:  PAUL RUCHA
      REQUEST FOR COPY OF RULE 11 AND SENTENCING
09/12/2011 OTHER FILING - TRANSCRIPT FILED ON 09/12/2011


09/15/2011 POST CONVIC. REVIEW - PCR CONFERENCE SCHEDULED FOR 10/11/2011 at 11:30 a.m.


09/15/2011 POST CONVIC. REVIEW - PCR CONFERENCE NOTICE SENT ON 09/15/2011


09/27/2011 POST CONVIC. REVIEW - RESPONSE TO PETITION FILED ON 09/21/2011


10/05/2011 OTHER FILING - OTHER DOCUMENT FILED ON 10/04/2011


      Attorney:  DAVID PARIS
      REQUEST TO PARTICIPATE BY PHONE
10/11/2011 POST CONVIC. REVIEW - PCR CONFERENCE HELD ON 10/11/2011
      JOHN  NIVISON , JUSTICE
      Defendant Not Present in Court
10/11/2011 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 12/01/2011 at 08:30 a.m.
      JOHN  NIVISON , JUSTICE
      NOTICE TO PARTIES/COUNSEL
10/11/2011 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 10/11/2011


10/11/2011 WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 10/11/2011


      CERTIFIED COPY TO SHERIFF DEPT.
10/12/2011 ORDER - COURT ORDER FILED ON 10/11/2011
      JOHN  NIVISON , JUSTICE
      SCHEDULING ORDER: ON OR BEFORE OCTOBER 28, 2011, THE PARTIES SHALL FILE AND SERVE A LIST
      OF THE WITNESSES WHOM THEY INTEND TO CALL AT TRIAL, AND A LIST OF THE EXHIBITS THAT THEY
      INTEND TO OFFER AT TRIAL.  ON DECEMBER 1, 2011, AT THE KENNEBEC COUNTY COURTHOUSE, THE
      COURT WILL CONDUCT AN EVIDENTIARY HEARING ON THE PETITION.
11/01/2011 OTHER FILING - WITNESS LIST FILED BY STATE ON 10/28/2011


12/07/2011 HEARING - EVIDENTIARY HEARING HELD ON 12/01/2011
      JOHN  NIVISON , JUSTICE
      Reporter: JANETTE COOK
      Defendant Present in Court
12/07/2011 ORDER - COURT ORDER FILED ON 12/06/2011
      JOHN  NIVISON , JUSTICE
      BASED ON THE FOREGOING ANALYSIS, THE COURT DENIES PETITIONER'S REQUEST FOR POST CONVICTION
      RELIEF
12/07/2011 FINDING - DENIED ENTERED BY COURT ON 12/06/2011
      JOHN  NIVISON , JUSTICE

A TRUE COPY
ATTEST:  _____
                Clerk