STATE OF MAINE
KENNEBEC, ss.

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

2012 MAY 17 P 9: 52

MICHELLE LUMBERT
CLERK OF COURTS

SUPERIOR COURT
Docket No. 11-CR-650'
JCN - KEN - 5/17/2012

Ronald Romero,

Petitioner

**DECISION AND ORDER**

v.

State of Maine,

Respondent

This matter was heard on April 12, 2012, on Petitioner's Petition for Post-conviction Review.[1] Attorney Leonard Sharon represented the Petitioner. Assistant District Attorney Paul Rucha represented the State.

In this action, Petitioner seeks post-conviction relief from the Court's judgment after Petitioner pled guilty to the charge of Unlawful Sexual Contact (Class C).[2] Defendant pled to the charge on March 2, 2010. On April 26, 2010, the Court sentenced Defendant to 5 years to the Department of Corrections with all but 3½ years suspended with 4 years of probation.

On May 17, 2010, Petitioner filed a notice of appeal and an application to appeal the sentence. The direct appeal was dismissed on May 28, 2010, and on August 31, 2010, the request to appeal the sentence was denied. Petitioner filed the Petition on August 24, 2011, in which Petition he alleges ineffective assistance of counsel. More

---

[1] Following the hearing, the Court permitted the parties an opportunity to file written argument. The Court received the written argument on April 20, 2012, and took the matter under advisement at that time.
[2] 17-A M.R.S. § 255-A(1)(E) (2010).

1

specifically, Petitioner contends that his attorney (Counsel) did not properly advise Petitioner of his right to allocution before the Court imposed the sentence.

**Discussion**

A. Motion to Dismiss

Preliminarily, the State argued that the Petitioner failed to file the Petition within the applicable limitations period and, therefore, the State requested that the Court dismiss the Petition. 15 M.R.S. § 2128(5) provides in pertinent part that a party must commence a post-conviction action within one year of "[t]he date of final disposition of the direct appeal from the underlying criminal judgment or the expiration of the time for seeking the appeal .... or [t]he date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 15 M.R.S. § 2128(5)(A), (C) (2011).

The State contends that the one-year limitations period began to run on May 28, 2010, when Petitioner's direct appeal was dismissed. According to the State, because Petitioner commenced this action with the filing of the Petition on August 24, 2011, more than one year after the dismissal of the direct appeal, the Court should dismiss the Petition.

Petitioner contends that the State's interpretation of § 2128(5) could effectively prevent an aggrieved party from seeking post-conviction relief where the party challenges the effectiveness of counsel during the sentencing process. More specifically, Petitioner argues that in a case in which a party seeks to appeal the sentence, under the State's reading of the statute, the limitations period could expire before the party learns of the

2

results of the appeal. In Petitioner's view, such a reading of the statute would be illogical.[3]

The Court is persuaded by the merit of Petitioner's argument. The apparent intent of the legislature in § 2128 is to require a party to initiate an action for post-conviction relief within one year of the date on which the party should reasonably be aware of the bases for the request for relief. A party would not know whether counsel's representation had been effective in the sentencing process, or whether the party had been prejudiced by counsel's representation in the sentencing process until after the conclusion of the sentence appeal. Common sense, therefore, suggests that the limitations period should run from the date of the conclusion of the sentence appeal.

In the Court's view, the statute provides that the limitations period begins to run at the conclusion of the sentence appeal process even if, as the State argues, the appeal of a sentence is not a direct appeal under § 2128(5)(A). The Court finds that the final resolution of the sentence appeal is part of the "factual predicate of the claim" as contemplated by § 2128(5)(C). In other words, the result of the sentence appeal is a fact that a party must know before the party can determine whether to initiate a post-conviction action based upon the ineffectiveness of the party's counsel during the sentencing process. Accordingly, the Court concludes that in this case the one-year limitations began to run on August 31, 2010, the date on which the application to appeal the sentence was denied. The Petition, which Petitioner filed on August 24, 2011, was thus filed within the applicable one-year limitations period.

---

[3] Petitioner further argues that to require a party to file a request for post-conviction relief before an application to appeal a sentence is resolved is impractical given that the appellate rules prohibit the sentencing court from taking any further action on the matter until while the application is pending.

3

B. Ineffective Assistance of Counsel

Whether Petitioner received ineffective assistance of counsel requires a two-part inquiry by the Court. First, the Court must assess "whether there has been serious incompetency, inefficiency, or inattention of counsel amounting to performance ... below what might be expected from an ordinary fallible attorney ...." *Francis v. State*, 2007 ME 148, ¶ 4 (quoting, *McGowan v. State*, 2006 ME 16, ¶ 11, 894 A.2d 493, 496-97). The Court then is required to determine "whether the attorney's performance 'likely deprived the defendant of an otherwise available substantial ground or defense' or 'likely affected the outcome of the [proceeding]." *Id.*

Petitioner asserts that his Counsel was ineffective because his Counsel failed to advise him adequately of his right to allocution before the imposition of the sentence. In support of this argument, Petitioner cites the critical nature of a defendant's ability to address the court at sentencing, and Petitioner's emotional state at the time of sentencing.

Contrary to Petitioner's argument, the record established that Counsel did discuss with Petitioner his right to address the Court at the time of sentencing. Counsel testified that he discussed with Petitioner his right to address the Court, and the objective evidence corroborates Counsel's testimony. Prior to sentencing, Petitioner prepared a written statement that Counsel reviewed. Petitioner intended to read the statement to the Court. After presenting a witness to share information in support of Petitioner's sentencing position, Counsel informed the Court that Petitioner wished to address the Court. When Petitioner began to read his prepared statement, Petitioner became emotional, and unable to continue. Counsel then read the statement.

4

Although Petitioner had prepared a written statement at Counsel's request, Petitioner maintains that he did not appreciate the significance of his right to address the Court at sentencing. Petitioner contends that Counsel should have explained to him in greater detail the importance of his ability to speak at sentencing. In addition, Petitioner argues that when he became emotional and unable to continue reading the statement, Counsel should have requested time for Petitioner to collect himself so that he could proceed.

On this record, Petitioner cannot reasonably contend that Counsel did not discuss with him, or that he was unaware of, his right to speak to the Court at sentencing. Petitioner's argument is instead one of quality. That is, Petitioner's basic argument is that Counsel did not emphasize or impress upon Petitioner the importance of the right to address the Court at sentencing, and did not take measures (e.g., request recess when Petitioner became emotional) to assure the preservation of the right.

As explained above, the issue for the Court is "whether there has been serious incompetency, inefficiency, or inattention of counsel amounting to performance ... below what might be expected from an ordinary fallible attorney ...." *Francis v. State*, 2007 ME 148, ¶ 4 (quoting, *McGowan v. State*, 2006 ME 16, ¶ 11, 894 A.2d 493, 496-97). Here, while the Court recognizes the importance of a defendant's right to allocution, the Court is not convinced that Counsel was required to do more to satisfy the applicable standard, or that Petitioner was deprived of his right to allocution. Counsel discussed with Petitioner his right to address the Court, requested that he prepare a written statement to read to the Court, reviewed and edited the written statement, informed the Court of Petitioner's desire to address the Court, and made sure that the statement was read to the

5

Court when Petitioner was unable to continue reading it due to his emotions. In short, the Court concludes that Counsel's representation did not fall below "what might be expected from an ordinary fallible attorney." *Id.*

**Conclusion**

Based on the foregoing analysis, the Court orders as follows:

1. The Court denies the State's Motion to Dismiss.

2. The Court denies Petitioner's request for post-conviction relief.

The Clerk shall incorporate this Decision and Order into the docket by reference.

Dated: 5/16/12

_____
Justice, Maine Superior Court

6

RONALD ROMERO
  vs
STATE OF MAINE

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2011-00650

## DOCKET RECORD

PL. ATTY: LEONARD SHARON
          LEONARD SHARON ESQ PC
          223 MAIN STREET
          AUBURN ME 04210-5833
          RETAINED 08/24/2011

State's Attorney: EVERT FOWLE

Filing Document: PETITION
Filing Date: 08/24/2011

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

08/29/2011 FILING DOCUMENT -  PETITION FILED ON 08/24/2011

08/29/2011 Party(s):  RONALD ROMERO
           ATTORNEY -  RETAINED ENTERED ON 08/24/2011

           Attorney:  LEONARD SHARON
08/29/2011 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 08/29/2011

11/01/2011 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 10/25/2011
           WILLIAM R ANDERSON , JUSTICE
11/01/2011 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 10/31/2011
           JOHN  NIVISON , JUSTICE
11/16/2011 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 11/16/2011

12/07/2011 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 12/13/2011 at 08:15 a.m.

12/07/2011 POST CONVIC. REVIEW -  PCR CONFERENCE NOTICE SENT ON 12/07/2011

12/15/2011 POST CONVIC. REVIEW -  PCR CONFERENCE HELD ON 12/13/2011
           JOHN  NIVISON , JUSTICE
           Attorney:  LEONARD SHARON
           DA:  PAUL RUCHA
12/15/2011 POST CONVIC. REVIEW -  ORDER RESULTING FROM PCR CONF FILED ON 12/15/2011
           JOHN  NIVISON , JUSTICE
           ON OR BEFORE 1/6/2012, PETITIONER SHALL FILE A RESPONSE TO THE STATE'S MOTION TO DISMISS.
           ON OR BEFORE 1/6/12, THE PARTIES SHALL FILE AND SERVE A LIST OF THE WITNESSES WHOM THEY
           INTEND TO CALL AT TRIAL, AND A LIST OF THE EXHIBITS THAT THEY INTEND TO INTRODUCE AT
           TRIAL.  IF THE STATE INTENDS TO FILE A REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO
           DISMISS, THE STATE SHALL FILE THE MEMORANDUM ON OR BEFORE 1/13/12.  THE COURT WILL CONDUCT
           A FINAL HEARING 2/2/12 AT 8:30
12/15/2011 HEARING -  EVIDENTIARY HEARING SCHEDULED FOR 02/02/2012 at 08:30 a.m.

           NOTICE TO PARTIES/COUNSEL
12/28/2011 MOTION -  MOTION FOR ENLARGEMENT OF TIME FILED BY PETITIONER ON 12/27/2011

           JOINT MOTION TO EXTEND TIME FOR FILING BRIEFS AND FOR HEARING
           CR_200                      Page  1  of  2                    Printed on: 05/31/2012

12/29/2011 MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 12/28/2011
        JOHN NIVISON , JUSTICE
        COPY TO PARTIES/COUNSEL                                    THE MOTION IS
        GRANTED FOR THE REASONS SET FORTH HEREIN. THE COURT WILL CONVENE A CONFERENCE WITH
        COUNSEL TO DISCUSS HOW THE MODIFICATION OF THE BRIEFING SCHEDULEDD AFFECTS THE SCHEDULED
        HEARING.
12/29/2011 HEARING - EVIDENTIARY HEARING CONTINUED ON 12/29/2011

01/20/2012 OTHER FILING - OTHER DOCUMENT FILED ON 01/20/2012

        PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS THE PETITION FOR POST CONVICTION
        REVIEW
01/20/2012 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 04/12/2012 at 08:30 a.m.
        JOHN NIVISON , JUSTICE
        NOTICE TO PARTIES/COUNSEL
01/20/2012 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 01/20/2012

01/20/2012 WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 01/20/2012

        CERTIFIED COPY TO SHERIFF DEPT.
02/01/2012 OTHER FILING - WITNESS LIST FILED BY DEFENDANT ON 02/01/2012

        Attorney: LEONARD SHARON
04/12/2012 HEARING - EVIDENTIARY HEARING HELD ON 04/12/2012
        JOHN NIVISON , JUSTICE
        ER
04/26/2012 OTHER FILING - MEMORANDUM OF LAW FILED ON 04/20/2012

        DA: PAUL RUCHA
        RESPONDENT'S MEMORANDUM
05/22/2012 POST CONVIC. REVIEW - PCR DETERMINATION UNDER ADVISEMENT ON 04/12/2012
        JOHN NIVISON , JUSTICE
05/22/2012 ORDER - COURT ORDER FILED ON 05/16/2012
        JOHN NIVISON , JUSTICE
        CONCLUSION: BASED ON THE FOREGOING ANALYSIS, THE COURT ORDERS AS FOLLOWS: 1) THE COURT
        DENIES THE STATE'S MOTION TO DISMISS. 2) THE COURT DENIES PETITIONER'S REQUEST FOR POST-
        CONVICTION RELIEF. THE CLERK SHALL INCORPORATE THIS DECISION AND ORDER INTO THE DOCKET BY
        REFERENCE.
05/22/2012 ORDER - COURT ORDER ENTERED ON 05/22/2012

05/23/2012 FINDING - DENIED ENTERED BY COURT ON 05/16/2012
        JOHN NIVISON , JUSTICE

A TRUE COPY
ATTEST: _____
                Clerk