2009 ME 12

**STATE of Maine**

v.

**Joseph J. DiPIETRO.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 12, 2008.
Decided: Feb. 5, 2009.

---

John S. Campbell, Esq., Campbell & Associates, P.A., Portland, ME, for Joseph DiPietro.

Evert Fowle, District Attorney, Brad C. Grant, Asst. Dist. Atty., Prosecutorial District IV, Augusta, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, MEAD, and GORMAN, JJ.

ALEXANDER, J.

[¶ 1] Joseph J. DiPietro appeals from a judgment entered in the Superior Court (Kennebec County, *Jabar, J.*) finding that he committed the offense of possession of marijuana, 22 M.R.S.A. § 2383(1) (2003).[1] The civil judgment was entered as a result of a process similar to a conditional guilty plea, M.R.Crim. P. 11(a)(2), designed to allow DiPietro to appeal the order of the Superior Court (*Studstrup, J.*) denying his motion to suppress evidence.[2]

---

1. The events in this case occurred on May 10, 2004. Title 22 M.R.S.A. § 2383 was amended by P.L.2003, ch. 452, § K–18 (effective July 1, 2004) and by P.L.2005, ch. 386, § DD–3 (effective June 13, 2005) (codified at 22 M.R.S. § 2383 (2008)).

2. Although possession of marijuana is a civil offense, the Maine Rules of Civil Procedure allow a motion to suppress to be considered prior to trial in a civil violation proceeding. M.R. Civ. P. 80I(b).

[¶ 2] DiPietro contends that the court erred in (1) finding that he was not subject to an illegal search and seizure in violation of the Fourth Amendment of the United States Constitution, and (2) denying his motion to reconsider the denial of his motion to suppress when the State did not respond to the motion to reconsider. We affirm.

## I. CASE HISTORY

[¶ 3] On the evening of May 10, 2004, law enforcement officers were patrolling the parking lot of the Augusta Civic Center prior to a concert. In the course of their patrol, two officers noticed open alcohol containers in a vehicle in which Joseph J. DiPietro was a passenger. The officers approached the vehicle, identified themselves, and warned the occupants that they could not consume alcohol in a public place, pursuant to 17 M.R.S. § 2003–A(2) (2008).

[¶ 4] The officers then asked the occupants to exit the vehicle for safety reasons and to obtain identification. When DiPietro exited the vehicle, one officer noticed a bulge in DiPietro's shirt pocket. The officer asked DiPietro about the bulge, and DiPietro pulled out a pouch and handed it to the officer. The pouch contained marijuana, two marijuana cigarettes, and a glass pipe.

[¶ 5] DiPietro was summonsed for possession of marijuana, 22 M.R.S.A. § 2383(1), and for sale and use of drug paraphernalia, 17–A M.R.S. § 1111–A(4)(A) (2008). Pursuant to M.R. Civ. P. 76C, DiPietro requested a jury trial and removed the matter to the Superior Court. The State objected, asserting that there was no right to a jury trial or removal of the charges. After a hearing, the court held that there was a right to a jury trial on the charged offenses, citing *City of Portland v. DePaolo*, 531 A.2d 669, 671 (Me.1987). *See also State v. Freeman*, 487 A.2d 1175, 1177–79 (Me.1985); *State v. Sklar*, 317 A.2d 160, 165 (Me.1974). Accordingly, the case remained in the Superior Court.

[¶ 6] Pursuant to M.R. Civ. P. 80I(b), DiPietro filed a motion to suppress the seizure of the marijuana and the glass pipe. After a hearing, the court denied the motion, accepting the officer's testimony that DiPietro had voluntarily relinquished the marijuana and pipe when the officer had inquired about the bulge in his pocket.[3] The State and DiPietro then entered into an agreement that DiPietro would conditionally admit to the marijuana possession charge, reserving his capacity to appeal the denial of his motion to suppress. In exchange for the conditional admission to the marijuana possession charge, the State dismissed the drug paraphernalia charge. The court approved the conditional plea arrangement in an order similar to orders commonly used to approve conditional pleas in criminal cases pursuant to M.R.Crim. P. 11(a)(2).[4] The

---

3. DiPietro had testified that the seizure occurred very differently. He stated that after getting the identification information from the vehicle occupants, the officers walked away and apparently checked the identifications. DiPietro testified that the officers then returned, forcibly removed one occupant from the car, ordered the others out of the vehicle, searched the vehicle without consent, and, without consent, conducted a pat down search of DiPietro during which the pouch was found and pulled from his pocket.

4. M.R.Crim. P. 11(a)(2) reads as follows:

(2) *Conditional Plea.* With the approval of the court and the consent of the attorney for the state, a defendant may enter a conditional plea of guilty or nolo contendere. A conditional plea shall be in writing. It shall specifically state any pretrial motion and the ruling thereon to be preserved for appellate review. If the court approves and the attorney for the state consents to entry of the conditional plea of guilty or nolo contendere, the parties shall

court's order accepting the conditional plea did not reference any rule to support the action. DiPietro then brought this appeal.

## II. LEGAL ANALYSIS

### A. Authority for Appeal

[¶ 7] Prosecution of civil violations, including possession of marijuana, is governed by M.R. Civ. P. 80H, subject to a limited exception in M.R. Civ. P. 80(I)(a) not relevant to this case, governing the issuance and return of search warrants. The criminal rules, including M.R.Crim. P. 11(a)(2), do not apply to civil violation prosecutions. The civil rules contain no provision analogous to M.R.Crim. P. 11(a)(2), permitting entry of a judgment conditioned on the outcome of an appeal. However, we are reluctant to conclude that this conditional admission is not a final judgment when the issue is clearly presented on appeal and is based on a sufficient record.

■ [¶ 8] The appellate rules "are not intended to bar appellate review when inconsequential errors are made." *Phillips v. Johnson*, 2003 ME 127, ¶ 20, 834 A.2d 938, 944. Our enabling statute, 4 M.R.S. § 57 (2008), provides that when the issues presented in an appeal can be "clearly understood, they must be decided, and a case may not be dismissed by the Law Court for technical errors in pleading alone or for want of proper procedure if the record of the case presents the merits of the controversy between the parties."

[¶ 9] Rule 24 of the Maine Rules of Appellate Procedure, addressing reports, is applicable to both civil and criminal cases. It provides a mechanism much like M.R.Crim. P. 11(a)(2) to permit appeal, with trial court approval, of rulings made prior to final judgment that, in at least one alternative result on appeal, will finally resolve the case. Thus, M.R.App. P. 24(b) provides that:

> The court may, upon request of all parties appearing, report any action in the trial court to the Law Court for determination where there is agreement as to all material facts, if the trial court is of the opinion that any question of law presented is of sufficient importance or doubt to justify the report.

[¶ 10] Here the parties have a trial court order approving the mechanism for appeal, and they are in agreement that the record is sufficient for the appeal. They are not in agreement as to all material facts, but because the trial court made its fact-findings after an evidentiary hearing, the parties must accept the facts as found by the trial court as the basis for their appeal. *See State v. Drewry*, 2008 ME 76, ¶ 19, 946 A.2d 981, 988; *State v. Patterson*, 2005 ME 26, ¶ 16, 868 A.2d 188, 193. Thus, as presented, the appeal is similar to a report presented on agreed upon facts pursuant to M.R.App. P. 24(b).

[¶ 11] Consideration of a report is not automatic. Even when the trial court makes a preliminary decision to report, we independently determine whether, under the circumstances of the particular case, a decision on the merits of the report "would be consistent with our basic function as an appellate court," or would improperly place us "in the role of an advisory board." *Morris v. Sloan*, 1997 ME 179, ¶ 7, 698

file a written certification that the record is adequate for appellate review and that the case is not appropriate for application of the harmless error doctrine. Appellate review of any specified ruling shall not be barred by the entry of the conditional plea.

If the defendant prevails on appeal, the defendant shall be allowed to withdraw the plea.

A.2d 1038, 1041 (quoting *Sirois v. Winslow,* 585 A.2d 183, 184–85 (Me.1991)). In making our independent determination, we look at several issues:

(1) Whether the question of law reported is "of sufficient importance and doubt to outweigh the policy against piecemeal litigation." *Swanson v. Roman Catholic Bishop of Portland,* 1997 ME 63, ¶ 6, 692 A.2d 441, 443; *see also Luhr v. Bickford,* 661 A.2d 1141, 1142 (Me.1995); *State v. Placzek,* 380 A.2d 1010, 1012–13 (Me.1977);

(2) Whether the question raised on report is an issue that "might not have to be decided at all because of other possible dispositions." *Morris,* 1997 ME 179, ¶ 7, 698 A.2d at 1041; *see also Sirois,* 585 A.2d at 185; *Placzek,* 380 A.2d at 1013;

(3) Whether a decision on the issue will, in at least one alternative, dispose of the action. *See Swanson,* 1997 ME 63, ¶ 6, 692 A.2d at 443; and

(4) Whether our involvement in the case prior to entry of a final judgment will encourage piecemeal litigation in cases involving similar circumstances. *Morris,* 1997 ME 179, ¶ 7, 698 A.2d at 1041.

[¶ 12] All of these factors support reaching the merits of this appeal. We have addressed the issue in detail to clarify that conditional admissions to civil violations, intended to preserve for appeal pretrial evidentiary rulings in such prosecutions, should be presented as M.R.App. P. 24 reports, not as M.R.Crim. P. 11(a)(2) conditional pleas. We also caution that presenting civil violation appeals through reports is a device that "should be used sparingly" in light of our preference for prompt and final resolution of such civil actions. *See White v. Fleet Bank of Maine,* 1999 ME 148, ¶ 2, 739 A.2d 373, 374–75.

**B. The Denial of the Motion to Suppress**

[¶ 13] "We review a suppression court's findings of fact for clear error and its legal conclusions de novo." *Drewry,* 2008 ME 76, ¶ 19, 946 A.2d at 988. Thus, we accept the facts as found by the trial court unless they have no support in the record. *Patterson,* 2005 ME 26, ¶ 16, 868 A.2d at 193.

[¶ 14] The officers had properly detained DiPietro and his friends, based on observation of open containers of alcohol in the vehicle. 17 M.R.S. § 2003-A(2); *see also State v. Laplante,* 534 A.2d 959, 962 (Me.1987). Once the vehicle occupants were properly detained, the officers could request that DiPietro and the others exit the vehicle for safety reasons. *See Maryland v. Wilson,* 519 U.S. 408, 415, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997) (holding that police officers may order passengers to get out of the vehicle for the duration of the traffic stop without violating the Fourth Amendment's proscription of unreasonable seizures). When DiPietro exited the vehicle, the court found, and the evidence in the record supports the court's finding, that he was not subject to a pat down because he voluntarily handed over the marijuana in his possession when asked. Although DiPietro offered a contrary version of the events, we discern no error in the court's factual findings or conclusions of law. *See State v. Kremen,* 2000 ME 117, ¶¶ 9–11, 754 A.2d 964, 967–68. The court did not err in denying the motion to suppress.

**C. Lack of Response to Motion to Reconsider and for Findings**

[¶ 15] DiPietro filed a motion for reconsideration and for findings of fact and conclusions of law. The court denied the motion without the State having filed a response. Because the court made sufficient findings on all contested issues and

because DiPietro's motion for reconsideration did not allege an error, omission, or new material that could not previously have been presented, the court did not abuse its discretion in denying DiPietro's motion to reconsider and for findings of fact and conclusions of law. *See Shaw v. Shaw*, 2003 ME 153, ¶¶ 7–8, 839 A.2d 714, 716; *Dargie v. Dargie*, 2001 ME 127, ¶¶ 2–3, 778 A.2d 353, 355.

[¶ 16] DiPietro's argument that his motion should have been granted pursuant to M.R. Civ. P. 7(c)(3) because the State failed to file a timely objection is without merit. It is within the court's discretion to act summarily on such motions without awaiting a response from other parties, when the motion has been filed after the court has entered an order or judgment. "Motions for reconsideration of an order shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented. The court may in its discretion deny a motion for reconsideration without hearing and before opposition is filed." M.R. Civ. P. 7(b)(5).

The entry is:

Judgment affirmed.