2010 ME 13

**STATE of Maine**

v.

**Jacob McINNIS Sr.**

Supreme Judicial Court of Maine.

Argued: Jan. 13, 2010.

Decided: Feb. 18, 2010.

Robert C. Andrews, Esq. (orally), Portland, ME, for Jacob McInnis Sr.

Evert Fowle, District Attorney, Alan P. Kelley, Dep. Dist. Atty. (orally), Augusta, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, and MEAD, JJ.

PER CURIAM.

[¶ 1] Jacob McInnis Sr. appeals from judgments of conviction of one count each of kidnapping (Class A), 17–A M.R.S. § 301(1)(A)(5) (2009); robbery (Class A), 17–A M.R.S. § 651 (2009); conspiracy to commit robbery (Class B), 17–A M.R.S. § 151 (2009); burglary (Class B), 17–A M.R.S. § 401(1)(B)(4) (2009); and theft by unauthorized taking (Class C), 17–A M.R.S. § 353(1)(B)(4) (2009), entered in the Superior Court (Kennebec County, *Marden, J.*) following a jury trial.

[¶ 2] Contrary to McInnis's contentions: (1) the prosecutor did not engage in misconduct by arranging, over McInnis's objection, to have incarcerated State's witnesses testify wearing civilian clothing rather than orange jail uniforms, *see State v. Boylan*, 665 A.2d 1016, 1019 (Me.1995) (stating the standard of review); (2) the suppression court (*Mills, J.*) did not commit an error of law, nor were its findings of fact clearly erroneous, when it determined that the procedure used during the out-of-court identification was not unduly suggestive in violation of McInnis's due process rights, *see State v. DiPietro*, 2009 ME 12, ¶ 13, 964 A.2d 636, 640 (stating the standard of review); *State v. Kelly*, 2000 ME 107, ¶ 19, 752 A.2d 188, 192 (discussing the test applied to determine whether an out-of-court identification should be admitted into evidence); *State v. Prentiss*, 557 A.2d 619, 620 (Me.1989) (discussing due process rights with respect to unduly suggestive out-of-court identification procedures); and (3) the suppression court (*Jabar, J.*) did not err in denying McInnis's request to hold a *Franks* hearing, *see Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *State v. Bilynsky*, 2007 ME 107, ¶¶ 37–38, 932 A.2d 1169, 1176–77.[1]

[¶ 3] At trial, the court did not abuse its discretion in determining that the testimony elicited by the State that McInnis's shoes potentially matched shoeprints

---

1. We decline to reach the issue of what standard of review, clear error or de novo, applies to the denial of a *Franks* hearing because we uphold the court's decision under either standard. *See State v. Bilynsky*, 2007 ME 107, ¶ 37, 932 A.2d 1169, 1176.

observed at the crime scene did not require expert testimony, *see* M.R. Evid. 701, 702; *Mitchell v. Kieliszek,* 2006 ME 70, ¶¶ 11, 13–14, 900 A.2d 719, 722–23 (discussing when expert testimony required); nor did the court commit obvious error in admitting police officers' lay testimony concerning the shoeprints, *see* M.R. Evid. 403, 701; *State v. Roberts,* 2008 ME 112, ¶ 21, 951 A.2d 803, 810–11 (stating standard of review). Further, the challenged statements made by the prosecutor during closing and rebuttal arguments did not constitute misconduct. *See State v. Clark,* 2008 ME 136, ¶ 7, 954 A.2d 1066, 1068–69 (stating standard of review).[2]

 [¶ 4] We do not review on direct appeal the post-judgment denial of public funds to pay McInnis's expert for appearance at trial; this issue does not arise from the judgment of conviction or assert errors in the determination of guilt. *See* 15 M.R.S. § 2115 (2009); *see generally State v. Huntley,* 676 A.2d 501, 503 (Me.1996).

The entry is:

Judgment affirmed.

---

2. To the extent McInnis alludes in his brief to other arguments concerning prosecutorial misconduct, they are undeveloped and are deemed waived. *See Mehlhorn v. Derby,* 2006 ME 110, ¶ 11, 905 A.2d 290, 293.