STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss                            CRIMINAL ACTION
                                        DOCKET NO. CR-11-270
                                        NM -KEN - 1/13/2014

JACOB MCINNIS,

            Petitioner
       v.                               DECISION AND ORDER
                                        ON PETITION FOR
STATE OF MAINE,                         POST-CONVICTION REVIEW

            Respondent

On June 27, 2008, after a three-day jury trial, the petitioner was found guilty of

class A robbery, class B conspiracy to commit robbery, class B burglary, class A

kidnapping, and class C theft. On July 11, 2008, he received a sentence of twenty-five

years incarceration, all but sixteen years suspended, and four years of probation on the

robbery offense and lesser sentences of incarceration on the other offenses, to be served

concurrently with the sentence on the robbery offense. The sentences were to be served

consecutively to a sentence imposed in York County.

The petitioner's appeal of his convictions was denied on 2/18/10. The

petitioner's request for leave to appeal from sentence was denied on 4/10/09. His

motion to modify his sentence was denied on 10/15/12.

In his petition,[1] the petitioner alleges he received ineffective assistance of counsel

at trial, at sentencing, and on his direct appeal as follows:

> 1. the trial attorney failed to conduct adequate pretrial investigation,
> including failure to investigate the petitioner's alibi and present evidence of
> the alibi at trial;
>
> 2. the trial attorney failed to obtain an eye witness identification expert and
> failed to obtain a footprint expert;

---

[1] The parties stipulated that the petitioner satisfied the jurisdictional requirement for post-conviction review.

1

3. the trial attorney failed to consult with the petitioner and keep him adequately apprised on developments in his case;

4. the trial attorney failed to present mitigating circumstances, character witnesses, and comparative sentences at sentencing and failed to prepare the petitioner for sentencing;

5. the trial attorney had a conflict of interest because the attorney represented the petitioner's father, who should have been an alibi witness for the petitioner;

6. the State violated Brady v. Maryland and the trial attorney should have requested more time and/or sanctions as a result of the State's delivery of discovery the day before trial; and

7. the appellate attorney failed to discuss the appeal with the petitioner, failed to adequately prepare for the appeal, and failed to include appropriate issues on appeal.

At the hearing on the petition for post-conviction review, the petitioner and the trial attorney testified. For the following reasons, the petition is denied.

FINDINGS

A. Trial

The petitioner was represented by two attorneys prior to his representation by his trial attorney. The trial attorney was appointed on 11/14/07.[2]

The trial attorney has represented hundreds of criminal clients and averages three jury trials annually. After his appointment to represent the petitioner, the trial attorney obtained the file and filed a motion to suppress and request for a Franks hearing, all denied; a motion for funds for a DNA expert, which was granted; a motion for funds for a psychologist, which was denied; a motion for discovery; and a motion for funds for service of subpoenas, which was granted.

---

[2] The petitioner testified that he had three or four attorneys before his trial attorney was appointed and testified his trial attorney was appointed four months prior to trial.

The petitioner stated that he wanted his trial attorney to speak to the people the petitioner was with on the day of the crimes, including his father, James McInnis, Sr.; his father's wife, Dee; Dee's sister, Toni Chaett, and a friend, Larry Shumway. The petitioner stated he was in southern Maine when the crimes were committed and not in Windsor, where the crimes were committed.[3] The petitioner gave his trial attorney the telephone number for James McInnis, Sr., the petitioner's father. Although the petitioner had minimal conversations with his father near the time of trial, the petitioner believed his father would have testified if called as a witness at trial that the petitioner was with his father in Parsonfield at the time the crimes were committed.

The petitioner testified at the hearing on the petition for post-conviction review that he had no conversation with his trial attorney regarding the attorney's representation of James McInnis, Sr. The petitioner also testified that the trial attorney's civil case with James McInnis, Sr. was more important than the petitioner's criminal case and if the trial attorney called the petitioner's father to testify in the criminal case, the civil case would have been adversely affected. The trial attorney believed the interests of the petitioner and his father were consistent and there was no conflict.

On the day of trial, the petitioner asked his trial attorney why no witnesses were in court. According to the petitioner, his trial attorney replied that he thought it best not to ask the jury to choose between the petitioner and his brother, James McInnis, Jr., a co-defendant who pleaded guilty and who testified at trial the petitioner committed the crimes. Similarly, the trial attorney did not want to ask the jury to choose between the petitioner's brother and father. Trial counsel determined to let the jury listen to the petitioner's brother and judge his credibility. The petitioner testified that he objected to this plan but it was "too late."

---

[3] A demand for notice of alibi and a notice of alibi were filed.

The trial attorney agreed that the petitioner wanted to present alibi witnesses. The trial attorney spoke to the petitioner's father, who was prepared to testify at trial. The trial attorney told the petitioner the attorney "would not do it." The trial attorney made his decision based on what he understood the petitioner's brother, James McInnis, Jr., would testify about as opposed to what the petitioner's father would testify about. James McInnis, Jr. testified at the trial that after the crimes were committed, he and his co-defendants, including the petitioner, went to Biddeford to buy drugs with the stolen money. (Trial Tr. at 316-17.)

The trial attorney was wary of pitting one faction of the McInnis family against a second faction. The trial attorney testified that during his representation of the petitioner's father, a federal judge had not believed the testimony of James McInnis, Sr., Joshua McInnis, and James McInnis, Sr.'s wife, Dee. The trial attorney was concerned the jury would make the same credibility determination as the judge and the jurors would return a verdict based on whom they believed and whom they liked. The trial attorney felt strongly about this decision and stated it was a strategic decision an attorney must make.

After a photo lineup, a woman picked the petitioner as a person who was involved in the crimes. (Mot. to Suppress Tr. May 8, 2008; Trial Tr. 136-78; 210-16; 221-24; 254-55; 542-23.) The petitioner testified that he and his brother, Joshua McInnis, look very much alike. Joshua McInnis's photo was not shown to the woman. The petitioner testified that the woman might have picked Joshua McInnis if his photo had been part of the photo lineup.

The trial attorney received a fax the day before trial. Through this fax, the State informed the trial attorney that a detective would testify that footprints found at the scene matched the tread of the petitioner's footwear. The trial attorney did not speak to

4

an expert regarding the footwear. The petitioner testified an expert "would have made a difference." The trial attorney argued before trial that the evidence should be excluded. The presiding justice did not agree. (Trial Tr. 25-30.) The testimony was not conclusive but suggested the petitioner's footwear could have made the footprint at the scene. (Trial Tr. at 25-30; 196-200; 220-21; 473-75; 500; 504-09.)

The petitioner did not recall discussing plea offers with the trial attorney. The petitioner was given copies of the discovery from previous attorneys and from his trial attorney. The trial attorney testified he discussed with the petitioner the State's offer of a sentence of twelve years to be served. That offer was rejected by the petitioner

Sentencing

No evaluation of the petitioner was completed between his convictions and sentencing. Prior to the sentencing hearing in July 2008, the State filed a sixteen-page sentencing memorandum; the trial attorney filed no written materials. (Sent. Tr. at 9-10.) At the sentencing hearing, neither the petitioner nor anyone else spoke on his behalf. (Sent. Tr. 29.)

The petitioner testified that he discussed his significant drug problem with trial counsel but that factor was not raised by the trial attorney. The trial attorney testified at the hearing on the petition for post-conviction review that he discussed with the prosecutor the petitioner's drug problem and that the motivation for the robbery was to obtain drugs. At sentencing, the trial attorney argued that it "may not have been true" that the petitioner was using drugs during the time period when the crimes were committed. (Sent. Tr. at 28-29; see Sent. Tr. at 16-17.)

In contrast to the State's attorney, the trial attorney did not present a coherent Hewey analysis. See State v. Hewey, 622 A.2d 1151, 1154-55 (Me. 1993); (Sent. Tr. 18-29,

5

32-34; see Sent. Tr. at 11-18; 29-30.) In fact, his discussion of the Hewey analysis was incorrect. (Sent. Tr. at 19; 22.)

Finally, the State recommended the petitioner receive a sentence of twenty-five years, with all but twenty years suspended. The State recommended the same sentence for co-defendant Marc Miville, who had a prior record and who pleaded guilty. (Sent. Tr. 12.) Mr. Miville received a sentence of twenty years with all but twelve suspended. (Sent. Tr. 32.) The two other co-defendants also pleaded guilty. James McInnis, Jr. had a prior record and received an agreed upon sentence of twenty years with all but eight suspended. (Sent. Tr. 13.) Joshua McInnis, who had no prior criminal record, received an agreed upon sentence of fifteen years with all but eight years suspended. (Sent. Tr. 13; Docket in Kennebec County CR-07-663.) The three co-defendants cooperated with law enforcement regarding the crimes. (Sent. Tr. 13-14.)

In spite of the fact that the petitioner was on probation for three separate matters at the time of these crimes, had a conviction for a prior home invasion, and had shown no remorse, the trial attorney asked that the petitioner receive the sentence given to Mr. Miville, but misstated the sentence. (Sent. Tr. 12-13; 15; 18; 29; 32; 34.) In fact, the sentence requested by the trial attorney, twelve years with all but eight years suspended, was a lesser sentence than any of the co-defendants received. (Sent. Tr. 29.)

Appeal

The trial attorney represented the petitioner on appeal. The attorney visited the petitioner at Warren once before the appeal. The petitioner discussed issues to be raised on appeal. The petitioner testified that he did not know whether those issues were raised or whether he was adequately represented on appeal. The Law Court decision shows the petitioner challenged, among other things, the decisions on the motion to suppress and the footprint testimony.

CONCLUSIONS OF LAW

For trial issues, the petitioner must demonstrate that there has been serious incompetency, inefficiency or inattention of counsel that falls below that which might be expected from an ordinary fallible attorney and that the ineffective representation by counsel has likely deprived the defendant of an otherwise available substantial ground of defense. See State v. Brewer, 1997 ME 177, ¶¶ 15-17, 699 A.2d 1139. "[T]he test is applied on a case-by-case basis, and evaluations of ineffective assistance of counsel claims are 'guided by the overall justness and fairness of the proceeding.'" McGowan v. State, 2006 ME 16, ¶ 12, 894 A.2d 493 (quoting Aldus v. State, 2000 ME 47, ¶¶ 14-15, 748 A.2d 463).

"Defense counsel owes a duty to the client to conduct a reasonable investigation." Lagassee v. State, 655 A.2d 328, 329 (Me. 1995). That duty includes a duty to interview witnesses who have information relevant to a case. See Doucette v. State, 463 A.2d 741, 745 (Me. 1983).

Heightened deference is accorded in reviewing strategic or tactical decisions by trial counsel. See True v. State, 457 A.2d 793, 796 (Me. 1983). The question "is whether the strategy has been shown to be manifestly unreasonable." Id.

Sentencing is a "critical stage of a criminal proceeding" and a defendant is entitled to effective assistance of counsel during sentencing. Francis v. State, 2007 ME 148, ¶ 4, 938 A.2d 10. The two-prong inquiry is similar to that used for trial issues. First, whether there was "serious incompetency, inefficiency, or inattention of counsel amounting to performance . . . below what might be expected from an ordinary fallible attorney" and "whether the attorney's performance likely deprived the defendant of an otherwise available substantial ground of defense or likely affected the outcome of the proceeding." Id.

7

A defendant also has the right to effective assistance of counsel on appeal. See Kimball v. State, 490 A.2d 653, 659 (Me. 1985). The standard for ineffective assistance of appellate counsel is the same standard used for evaluating trial and sentencing issues: whether the petitioner received ineffective assistance of counsel and whether the outcome of the appeal would have been different. See id. Counsel "need not brief issues reasonably considered to be without merit." Francois v. Wainwright, 741 F.2d 1275, 1285 (11th Cir. 1984).

The petitioner has not sustained his burden of proving he was prejudiced at trial, at sentencing, or on appeal by his attorney's assistance. See State v. Jurek, 594 A.2d 553, 555 (Me. 1991) ("Failure to prove resultant prejudice precludes relief regardless of the quality of counsel's performance."). For each allegation in his amended petition, the petitioner has not shown that he was likely deprived of an otherwise available substantial ground of defense or that the outcome of the proceeding was likely affected. See Francis, 2007 ME 148, ¶ 4, 938 A.2d 10; Brewer, 1997 ME 177, ¶¶ 15-17, 699 A.2d 1139; Kimball, 490 A.2d at 659. The burden of proving prejudice "requires a positive showing rather than mere conjecture." Francis, 2007 ME 148, ¶ 8, 938 A.2d 10.

### 1. Pretrial Investigation/Alibi

No potential alibi witnesses testified at the hearing on the petition for post-conviction review. The petitioner's testimony that he believed his father would have testified the petitioner was with his father on the day the crimes were committed is not sufficient to show prejudice.

### 2. Experts

No experts testified at the hearing on the petition for post-conviction review. The petitioner's testimony that a footprint expert "would have made a difference" and

8

the woman "may have" identified Joshua McInnis if his photo had been included in the photo lineup is not sufficient to show prejudice.

3. Consultation with Petitioner

The petitioner has not shown a lack of consultation or updates deprived him of an otherwise substantial ground of defense or would have affected the outcome of the proceeding.

4. Sentencing

The trial attorney's representation at sentencing was problematical. He filed no sentencing memorandum, in spite of the State's filing a sixteen-page memorandum. He presented no cogent or accurate Hewey analysis. Based on the circumstances of the case and the four co-defendants, the trial attorney's request for a lesser sentence for the petitioner than received by the other three co-defendants was not credible.

The petitioner has not, however, shown prejudice. He has not specified what he or character witnesses would have said at the sentencing hearing. He has not identified mitigating circumstances that should have been brought to the justice's attention. Although the petitioner argues that his trial attorney should have identified the petitioner's drug problem, the prosecutor made clear that the petitioner's drug problem could be considered an aggravating factor because he had had the opportunity for rehabilitation. Finally, no comparative sentences were offered at the hearing on the petition for post-conviction review. The petitioner has failed to prove prejudice by showing the outcome of his sentencing proceeding would have been different if the trial attorney had performed differently.

5. Conflict of Interest

The petitioner surmised that his father's case was more important than the petitioner's criminal case and his father's case would have been adversely affected if he

9

testified at the petitioner's trial. As discussed above, the petitioner's father did not testify at the hearing on the petition for post-conviction review. The trial attorney determined the interests of the father and the petitioner were consistent and there was no conflict.

6. Late Discovery from State

The trial attorney sought to exclude the evidence he received in discovery just prior to trial. The presiding justice did not agree with the trial attorney's argument. The Law Court determined the trial court's admission of the police officers' testimony concerning shoeprints was not error. See State v. McInnis, 2010 ME 13, ¶ 3, 988 A.2d 994. As discussed above, the petitioner's belief that a footprint expert would have made a difference is conjecture.

7. Appeal

The trial attorney met with the petitioner to discuss the appeal. The Law Court briefs were not offered as exhibits at the hearing on the petition for post-conviction review. The petitioner admitted he did not know whether he was adequately represented on appeal.

The entry is

The Petition for Post-Conviction Review is DENIED.

Date: January 13, 2014

Nancy Mills
Justice, Superior Court

10

JACOB MCINNIS
  vs
STATE OF MAINE

## DOCKET RECORD

PL. ATTY: VERNE PARADIE
        PARADIE SHERMAN & WORDEN
        11 LISBON ST SUITE 202
        LEWISTON ME 04240
        APPOINTED 12/12/2011
PL. ATTY: ROBERT RUFFNER
        ROBERT J RUFFNER ATTORNY AT LAW
        415 CONGRESS STREET, SUITE 202
        PORTLAND ME 04101
        WITHDRAWN 12/01/2011

State's Attorney: EVERT FOWLE

Filing Document: PETITION
Filing Date: 04/15/2011

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

04/19/2011 FILING DOCUMENT -  PETITION FILED ON 04/15/2011

04/20/2011 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 04/20/2011

05/19/2011 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 05/19/2011

06/03/2011 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 05/24/2011
        ROBERT E MURRAY JR, JUSTICE
06/15/2011 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 06/06/2011

06/16/2011 LETTER -  FROM PARTY FILED ON 06/08/2011

        LETTER FROM DEFENDANT REGARDING STATUS OF CASE
06/16/2011 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 06/13/2011
        ROBERT E MURRAY JR, JUSTICE
        COPY TO PARTIES/COUNSEL
06/16/2011 Party(s):  JACOB MCINNIS
        ATTORNEY -  APPOINTED ORDERED ON 06/13/2011

        Attorney:  ROBERT RUFFNER
08/17/2011 OTHER FILING -  OTHER DOCUMENT FILED ON 08/03/2011

        LETTER FROM DEFENDANT TO COURT REGARDING ATTORNEY           SENT COPY TO
        ROBERT RUFFNER
09/19/2011 MOTION -  OTHER MOTION FILED BY PETITIONER ON 09/16/2011

        MOTION FOR SUBSTITUTION OF COUNSEL
09/29/2011 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO JUSTICE ON 09/29/2011
        NANCY  MILLS , JUSTICE
        AMENDED
11/09/2011 MOTION -  MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 11/08/2011

11/30/2011 OTHER FILING - OTHER DOCUMENT FILED ON 11/29/2011

LETTER FROM DEFENDANT REQUESTING NEW LAWYER
12/05/2011 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 12/05/2011

12/08/2011 MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 12/01/2011
          JOHN NIVISON , JUSTICE
          COPY TO PARTIES/COUNSEL
12/15/2011 MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 12/01/2011
          JOHN NIVISON , JUSTICE
          COPY TO PARTIES/COUNSEL
12/15/2011 Party(s): JACOB MCINNIS
          ATTORNEY - WITHDRAWN ORDERED ON 12/01/2011

          Attorney: ROBERT RUFFNER
12/15/2011 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 12/12/2011

12/15/2011 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 12/12/2011
          M MICHAELA MURPHY , JUSTICE
          COPY TO PARTIES/COUNSEL
12/15/2011 Party(s): JACOB MCINNIS
          ATTORNEY - APPOINTED ORDERED ON 12/12/2011

          Attorney: VERNE PARADIE
10/19/2012 SUPPLEMENTAL FILING - AMENDED PETITION FILED ON 10/19/2012

10/19/2012 MOTION - OTHER MOTION FILED BY PETITIONER ON 10/19/2012

          MOTION TO EXTEND DEADLINES AND ALLOW FILING OF AMENDED PETITION AND WITNESS LIST
11/05/2012 MOTION - OTHER MOTION FILED BY STATE ON 11/02/2012

          DA: BRAD GRANT
          MOTION FOR COURT ORDER REQUIRING ATTORNEY ATTORNEY TO PROVIDE INFORMATION TO THE STATE'S
          ATTORNEY
11/05/2012 POST CONVIC. REVIEW - RESPONSE TO PETITION FILED ON 11/02/2012

          DA: BRAD GRANT
          RESPONDENT'S ANSWER TO PETITION TO AMENDED PETITION FOR POST CONVICTION REVIEW
11/15/2012 CASE STATUS - CASE FILE LOCATION ON 11/15/2012

          J MILLS
11/29/2012 CASE STATUS - CASE FILE RETURNED ON 11/29/2012

11/29/2012 MOTION - OTHER MOTION GRANTED ON 11/19/2012
          NANCY MILLS , JUSTICE
          MOTION FOR COURT ORDER REQUIRING ATTORNEY ATTORNEY TO PROVIDE INFORMATION TO THE STATE'S
          ATTORNEY
11/29/2012 MOTION - OTHER MOTION GRANTED ON 11/20/2012
          NANCY MILLS , JUSTICE
          MOTION TO EXTEND DEADLINES AND ALLOW FILING OF AMENDED PETITION AND WITNESS LIST
11/29/2012 MOTION - OTHER MOTION GRANTED ON 12/01/2011
          JOHN NIVISON , JUSTICE

MOTION FOR SUBSTITUTION OF COUNSEL
02/01/2013 POST CONVIC. REVIEW - PCR CONFERENCE SCHEDULED FOR 02/11/2013 at 02:00 p.m.
    NANCY MILLS , JUSTICE
02/01/2013 POST CONVIC. REVIEW - PCR CONFERENCE NOTICE SENT ON 02/01/2013

02/14/2013 POST CONVIC. REVIEW - PCR CONFERENCE HELD ON 02/11/2013
    NANCY MILLS , JUSTICE
    Attorney: VERNE PARADIE
    DA: FERNAND LAROCHELLE
    Defendant Not Present in Court
02/14/2013 POST CONVIC. REVIEW - ORDER RESULTING FROM PCR CONF FILED ON 02/11/2013
    NANCY MILLS , JUSTICE
    3 HOURS IN MAY NEEDED FOR HEARING, COPY OF ORDER SENT TO PARTIES
03/25/2013 OTHER FILING - OTHER DOCUMENT FILED ON 03/25/2013

    DA: FERNAND LAROCHELLE
    RESPONDENT ADDS THE NAME OF ALAN KELLY TO THE WITNESS LIST, AND WOULD BE DISIGNATE THE
    AFFIDVIT OF DET RYAN JORDAN DATED 7/13/07, AS WELL AS THE SEARCH WARRANT AND INVENTORY.
04/01/2013 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 05/07/2013 at 08:30 a.m.
    NANCY MILLS , JUSTICE
    NOTICE TO PARTIES/COUNSEL
04/01/2013 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 04/01/2013

04/01/2013 WRIT - HABEAS CORPUS TO PROSECUTE ORDERED ON 04/01/2013
    NANCY MILLS , JUSTICE
04/01/2013 WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 04/01/2013

    CERTIFIED COPY TO SHERIFF DEPT.
05/07/2013 HEARING - EVIDENTIARY HEARING HELD ON 05/07/2013
    NANCY MILLS , JUSTICE
    Attorney: VERNE PARADIE
    DA: FERNAND LAROCHELLE          Reporter: JANETTE COOK
    Defendant Present in Court
05/08/2013 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 05/21/2013 at 01:30 p.m.
    NANCY MILLS , JUSTICE
    NOTICE TO PARTIES/COUNSEL                                            RESCHEDULED
    FROM 11:00
05/08/2013 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 05/08/2013

05/08/2013 WRIT - HABEAS CORPUS TO PROSECUTE ORDERED ON 05/09/2013
    NANCY MILLS , JUSTICE
05/08/2013 WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 05/09/2013

    CERTIFIED COPY TO SHERIFF DEPT.
05/22/2013 HEARING - EVIDENTIARY HEARING HELD ON 05/21/2013
    NANCY MILLS , JUSTICE
    UNDER ADVISEMENT...JUDGE MILLS HAS THE FILE
01/23/2014 CASE STATUS - DECISION UNDER ADVISEMENT ON 05/21/2013
    NANCY MILLS , JUSTICE
01/23/2014 FINDING - DENIED ENTERED BY COURT ON 01/13/2014
    NANCY MILLS , JUSTICE
01/23/2014 ORDER - COURT ORDER ENTERED ON 01/13/2014
    NANCY MILLS , JUSTICE

DECISION AND ORDER ON PETITION FOR POST CONVICTION REVIEW

A TRUE COPY
ATTEST: _____
                    Clerk